IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICAH ALAN STEFFLER                                                                               PLAINTIFF

v.                                      Case No. 4:22-cv-4027

DEPUTY CHRIS WALCOTT, Jail Administrator,
Sevier County; TAMMY FOWLER, Nurse
Sevier County Jail                                                                               DEFENDANTS

## ORDER

On March 21, 2022, Plaintiff Micah Alan Steffler filed this case *pro se* in the Eastern District of Arkansas. (ECF No. 1). The matter was transferred to this Court on March 22, 2022. (ECF No. 3). That same day, the Court entered an order directing Plaintiff to file a complete application for *in forma pauperis* ("IFP") status by April 12, 2022. (ECF No. 6). The Court's order also stated, "[t]his case shall be subject to dismissal for failure to obey an order of the Court if Plaintiff fails to return the completed IFP application or pay the [$402.00] filing fee by the deadline." *Id*. That order was not returned as undeliverable.

On March 22, 2022, the Court also entered an order directing Plaintiff to file an amended complaint by April 12, 2022. (ECF No. 7). The order stated, "[t]his case shall be subject to dismissal if Plaintiff fails to return the Amended Complaint to the Court by the deadline." *Id*. That order was not returned as undeliverable.

Plaintiff did not file a complete application for IFP or an amended complaint by April 12, 2022. On April 20, 2022, the Court issued a show-cause order, giving Plaintiff until May 11, 2022, to show cause why this action should not be dismissed for failure to obey two orders of the Court. (ECF No. 8). The show-cause order further states, "[i]f Plaintiff fails to respond by the deadline,

this case shall be subject to dismissal." *Id*. The show-cause order was not returned as undeliverable.

On April 29, 2022, Plaintiff filed a completed IFP application. (ECF No. 9). However, to date, he has not filed an amended complaint or responded to the show-cause order as directed by the Court. He has also not asked for extensions of time to do so.

Although *pro se* pleadings are construed liberally, *pro se* litigants like Plaintiff are not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that a plaintiff failed to prosecute a case or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court, and thus, has failed to prosecute this matter. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this matter should be, and it hereby is, **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 18th day of May, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge